UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

RHONDA FLEMING,
ALL SIMILARLY SITUATED
FEDERAL FEMALE INMATES,
    Plaintiffs,

v.

UNITED STATES DEPARTMENT OF JUSTICE,
DIRECTOR OF THE BUREAU OF PRISONS,
BOP REGIONAL DIRECTOR ANGELA DUNBAR,
WARDEN FREDRICK ENTZEL,
CAPTAIN SHANNON BAUSERMAN,
LIEUTENANT KUHN,
NURSE SINES,
EIGHT UNKNOWN BOP CORRECTIONAL OFFICERS-HAZELTON,
HEALTH SERVICES ADMINISTRATOR, FRIEND,
UNIT COUNSELOR JEREMY SPARKS,
HAZELTON ADMINISTRATOR TOMPKINS,
CAPTAIN OF FMC CARSWELL,
THREE UNKNOWN BOP CORRECTIONAL OFFICERS-CARSWELL
LIEUTENANT RIEHM-WASECA, AND,
SIX UNKNOWN BOP CORRECTIONAL OFFICERS-WASECA,
ALL IN THEIR OFFICIAL AND INDIVIDUAL CAPACITIES.

Case: 1:18-cv-03029 Jury Demand
Assigned To : Unassigned
Assign. Date : 12/18/2018
Description: Pro Se Gen. Civil  D Deck

JURY TRIAL DEMAND

## CIVIL COMPLAINT

    The Plaintiffs, Rhonda Fleming and All Similarly Situated Female Federal Inmates bring this lawsuit against the United States Department of Justice and all other named officials in their individuals and official capacities.

### I.
### INTRODUCTION

    This action arises out of the Defendants' refusal to prevent ongoing sexual harassment and sexual assaults, for sexual gratification, humiliation, and punishment, by their own employees, against federal female inmates.

    This is not a new problem. This is an ongoing, disgusting routine practice, for decades, that the federal government has failed to aggressively address. The Court may consider Women Prisoners of the D.C. Department of Corrections v. District of Columbia, 877 F. Supp. 634 (D.D.C. 1994), Lucas v. White, 63 F. Supp.2d 1046 (N.D. Cal. 1999), and United States v. Alabama, No. 2:15cv368-MHT-TFM (M.D. Ala. 2015). In all of these cases and countless others, female inmates, nationwide, are the targets

-1-

RECEIVED
DEC 18 2018
Clerk, U.S. District and
Bankruptcy Courts

of the sadistic, sex offenders that happen to be employed as correctional employees. While the Defendant Department of Justice has been policing counties and states on violations of civil rights of inmates, their own employees have been allowed to make sexual harassment and sexual assault, commonplace in federal prisons.

On paper, there are rules and regulations to protect inmates, but these rules are not enforced, they have refused to consider reasonable alternatives, and allowed the dangerous conditions to persist.

The Plaintiffs are victims of sexual abuse by male and female employees, gay and straight, and all races. Even chaplains have been found gulity of sexually abusing women inmates.

The circumstances are worst than any "Me too" allegations in the public because the Plaintiffs are unable to walk away or later call the police. We are being sexually assaulted by the police, so there is no one to call.

The Department of Justice is complicit in the practice of sexually abusing female inmates by failing to prosecute all BOP employees where there is evidence of sex abuse. Many are allowed to retire to retain their benefits. If prosecuted, the sex abusers get probation or 3 months in jail. The consequences of sexually abusing a federal female inmate are not severe enough to deter the abuse.

The conditions have become worse where the BOP employees are bringing in drugs to induce female inmates to have sex with them. This endangers female inmates and correctional staff who are not involved in this illicit behavior and has increased the violence in the prisons.

II.
PARTIES AND SERVICE OF PROCESS

1. Plaintiff Rhonda Fleming is a 53 year old, female, black inmate currently housed at Secure Female Facility-Hazelton, Bruceton Mills, West Virginia.

2. Plaintiff All similarly Situated Federal Female Inmates, to include all past, present, and future female inmates under the custody of the Bureau of Prisons-nationwide.

3. Defendant U.S. Department of Justice (DOJ) is the agency responsible for creation and implementation of the policies being challenged by this lawsuit. DOJ is responsible for the enforcement of rules and regulations they have promulgated and for the incarceration and the conditions in which the Plaintiffs live. Service may be made to:

U.S. Department of Justice
Hon. Jefferson B. Sessions, III
950 Pennsylvania Avenue, NW
Washington, DC 20530

and copy delivered to:

Director of Federal Bureau of Prisons
320 First Street, NW
Washington, DC 20534

4.   Defendant BOP Regional Director Angela Dunbar is the official responsible for enforcement of BOP rules and regulations in the Mid-Atlantic Region. She may be served at:

Regional Director Angela Dunbar
Federal Bureau of Prisons
302 SentinelDrive, Suite 200
Annapolis Junction, MD 20701

5.   Defendants Fredrick Entzel, Captain Shannon Bauserman, Lieutenant Kuhn, Nurse Sines, Eight Unknown BOP Correctional Officers, Mr. Friend, Health Services Administrator, Unit Counselor Sparks, and SFF Administrator Tompkins are employees directly and indirectly involved in the sexual harassment, sexual assault, torture, unsafe living conditions, and denial of medical/psychological care of Plaintiff Fleming. These Defendants are directly responsible for the sexual abuse of female inmates at Hazelton, by failing to protect or intervene. These Defendants may be served at:

FCI Hazelton
Institution Attorney
1640 Sky View Drive
Bruceton Mills, Drive 26525

6.   Defendants Captain of FMC Carswell and Three Unknown BOP Correctional Officers were directly involved in the sexual abuse of Plaintiff Fleming and failed to protect or intervene. They can be served at:

Federal Medical Center- Carswell

Fort Worth, Texas

7.   Defendants Lt. Riehm and Six Unknown BOP Correctional Officers were directly involved in the sexual abuse of Plaintiff Fleming and failed to protect or intervene. They can be served at:

FCI Waseca
Institution Attorney

Waseca, Minnesota

8.   Any additional Defendants listed in the caption or later added can be served at the address in paragraph 3.

IV.
## RELEVANT BACKGROUND FACTS

A.  Specific Sexually Abusive Conduct by the Defendants Against Plaintiff Fleming

9.   Plaintiff Fleming has been incarcerated since 2005 and has been housed at FDC Houston, FMC Carswell, FCI Tallahassee, FCI Waseca, FPC Bryan, FTC Oklahoma, and SFF-Hazelton. At every federal facility, Plaintiff Fleming has been a victim of sexual abuse or directly witnessed the sexual abuse of other female inmates.

10.  In 2015, while housed at FCI Waseca, in the Special Housing Unit(SHU), Plaintiff Fleming was sexually assaulted by Defendant Lt. Riehm and Six Unknown BOP Correctional Officers, when she refused a medical exam. Defendant Lt. Riehm told the Plaintiff she did not have a right to refuse a medical exam. Plaintiff Fleming responded that the BOP rules allowed her to refuse medical exams and treatment. Plaintiff Fleming further stated that the nurse had just told her she had a right to refuse the exam. About 10 minutes later, Defendant Lt. Riehm and six officers entered the cell, restrained Plaintiff Fleming, stripped all of her clothing off of her, then proceeded to take her to the medical department. When Plaintiff Fleming arrived at the medical department, the nurse stated to Defendant Lt. Riehm, "I told you that if an inmate refuses medical treatment, I can't touch them." Plaintiff Fleming had been sexually abused by 7 officers, to include male officers, when the lieutenant knew using force in this matter was in violation of Plaintiff Fleming's constitutional rights and had been told by medical personnel this fact.

11.  In 2017, Plaintiff Fleming was in custody at FMC Carswell, on a hunger strike, when Defendant Captin of FMC Carswell ordered her placed on the mental health wing of the prison. Plaintiff Fleming was given a one piece jumpsuit, but no underwear or a t-shirt to wear under the jumpsuit. Anytime the Plaintiff used the toilet, she had to take off all of her clothing. While sitting on the toilet, Plaintiff Fleming noticed there was a camera directly facing her on the toilet. Plaintiff Fleming got off the toilet and looked out the window of the cell, where she could see three officers looking at a video monitor. All of the officers were men. About an hour later, one officer came to her cell and Plaintiff Fleming asked if the officers were watching her on the video monitor. The male officer stated, "Yes! Why do you think they put you up here?" After the officer left, the Plaintiff looked out her cell window again and she could see from her cell, naked female inmates in various cells on the monitor. Male and female employees came in and out of the mental health wing. Anyone that passed by the officers station, which was easily visible, could see naked female inmates. These are inmates that were heavily sedated, some suicidal, unknowing that they were being watched by men while being naked in their cells. Plaintiff Fleming filed grievances and a Federal Tort Claim Act form. The Special Investigative Agent at Carswell tried to get Plaintiff Fleming to believe that there was nothing wrong with the conditions, but she was moved off the wing. Later, female correctional officers stated to Plaintiff Fleming that they had reported this matter many times, but because the male officers had seniority, the captain continued to assigned male to this duty station.

For years, male officers were assigned to a female mental health wing, where all employees knew female inmates were in cells nude or partially nude. There was no exigent circumstance warranting male officers to be allowed to watch women naked in cells. Female inmates assigned to monitor mentally ill female inmates on suicide watch, were forced to be in the presence of male officers who intently watched these monitors, a situation which lead to sexual harassment and other discomfort for these inmates.

12. On June 6, 2018, at SFF-Hazelton, after Plaintiff Fleming reported sexual harassment and other abuses to a federal judge, Defendants Entzel, Bauserman, Kuhn, Sines, and Eight Unknown BOP Correctional Officers, sexually assaulted Plaintiff Fleming by stripping her of all her clothing, prying her legs apart, and probing in her private areas, genitals, as the Plaintiff screamed for them to stop molesting her. This was done after Plaintiff Fleming refused a medical exam and to answer questions regarding the statements she made to a federal judge. After Plaintiff Fleming was sexually assaulted, she was hog-tied, placed in a cell, kicked and beaten, as the Defendants stated, "This is what you get for running to the law library" or when Plaintiff Fleming cried out in pain, telling the Defndants she was in pain, They responded, "You are suppose to be in pain, this is what you get for telling the judge." This went on for 14 hours. The next day, Plaintiff Fleming was served with a incident report for failing to obey an order written by Lt. Kuhn, stating the Plaintiff had no right to refuse medical treatment.

13. From June 6, 2018 to the date of the signing of this Complaint, Plaintiff Fleming has been held in the SHU for making a complaint, through grievances, by her family calling, by contacting federal judges, and the FBI/U.S. Attorney's Office in Northern West Virginia, as retaliation.

13. Plaintiff Fleming has been held in the same SHU unit where she was sexually assaulted and tortured since June 2018. She has been threatened by Warden Entzel and other Defendants, with long term housing in the SHU for reporting sexual assault and torture. Plaintiff Fleming has been denied all privileges, although she is not in the SHU for disciplinary reasons. She is routinely housed with violent, drug addicted inmates, incarcerated as sex offenders, while in the SHU. She is limited to one book to read a week and cannot receive the newspaper her family paid a subscription for. She is denied basic hygiene such as toilet paper, sanitary napkins, lotion, or hair conditioner. The cells in the SHU are never cleaned. In almost 4 months, the officers have never brought a broom or mop to clean the floor. No cleaning rags or paper towels are provided. Plaintiff Fleming has been left in the same clothing for 8 or 9 days. She has been denied clean bedding and given only one thin blanket, in a unit that is known to be cold.

14. Plaintiff Fleming has been in continual physical and emotional pain since being sexually assaulted and tortured. Her body still has scars and wounds from the beating and torture. The Plaintiff suffers with severe headaches, backaches, stomaches, wrist and shoulder pain,

and trouble with her ability to balance herself when walking. Emotionally, the Plaintiff is suffering with panic attacks everytime she sees the employees who sexually assaulted her. Plaintiff Fleming has severe anxiety, depression, and crying spells that last for hours. She has been denied medical and mental health care. The psychologist for Hazelton, Dr. Lugo, was present on the night that the sexual assault occurred. There was nothing the Dr. Lugo could do to prevent the assault, but frankly, he is traumatized by the event...he has stated to the Plaintiff he could hear her screaming, "Please stop molesting me!" This incident is videotaped.

15.  The Defendants, to include Regional Director Angela Dunbar have all failed to provide Plaintiff with medical care and psychological treatment that does not include the sex abuser employees. On September 11, 2018, Plaintiff Fleming spoke to Director Dunbar and told her the prison officials who sexually assaulted her, continued to intimidate and harass her, to include the nurse that sexually assaulted her. Director Dunbar stated, "My employees have done nothing wrong." All of the Defendants with the authority to do so, have failed to transfer the Plaintiff from the place of the sexual assault and get the Plaintiff the care any victim of sexual assault should receive.

16.  Plaintiff Fleming remains in extreme physical and emotional distress, without any care.

B.   Treatment of All Other Similarly Situated Federal Female Inmates

17.  When a federal female inmate reports sex abuse or a third party reports sexual abuse, the female is immediately placed in the SHU and all privileges are taken.

18.  Sex abuse victims are routinely left in these punitive conditions for periods exceeding a year.

19.  Female inmates that cooperate with the investigation are routinely harassed and intimidated by BOP employees. They are denied preferential job assignments and housing assignments.

20.  Female inmates who are victims of sex abuse are not given mental health care, from BOP Psychology Services or access to an outside advocate. Plaintiff Fleming filed a grievance to receive care and was denied, by Defendant Tomkins.

21.  Defendant DOJ rarely compensates victims of sex abuse who are federal female inmates, with a reduction of their sentence or with monetary compensation. Male inmates are more likely to receive both.

C.   Practices and Policies Which Fail to Protect Female Inmates

21.  Defendant DOJ does not have a real zero tolerance policy. They fail to prosecute all sex abusers, instead allowing most of them to resign/retire with their benefits.

22.  Policies under PREA, which were enacted to protect sex abuse

victims are not enforced. PREA Sections 115.43(c) limiting the time a victim is kept in the SHU; 115.53(a) access to outside emotional advocate support; 115.61(a) reporting retaliation by employees; and 115.62 protection of inmate sex victims, are not enforced. Federal female inmates that are victims of sexual harassment or assault are treated like sex abusers, not as true victims of sexual abuse.

23. The Defendants fail to protect or intervene in the sex abuse of federal female inmates because they do not strictly enforce the rules and regulations they have created.

24. Sexual harassment and sexual assaults are rising in the BOP because the Defendants have failed to take action to deter their employees, although their policies of punitively treating female inmates stop most from reporting sexual misconduct. This is intentional conduct by the Defendants because they truly do not care about stopping female inmates from being victimized by their employees.

V.
STATEMENT OF APPLICABLE LAW AND CAUSES OF ACTION

25. The Plaintiffs have a right to privacy in one's bodily integrity and it is well established under federal law, and protected under the 4th, 5th, 8th, and 14th Amendments of the U.S. Constitution, and various federal statutes and regulations.

26. The right to be free from physical and mental abuse, while incarcerated in a federal prisons is well established under federal law.

27. The right not to be discriminated based on sex is well established under federal law.

28. The Plaintiffs have a right to sue the Defendants under the Federal Tort Claims Act for sexual assaults that arise under 42 USC § 233, events that involve medical services, such as raised in this Complaint and other sexual abusive conduct by the Defendants and their employees.

29. The conduct of all of the Defendant is unconstitutional where BOP employees failed to protect and/or intervene during incidents of sexual abusive conduct in their presences, such as at Waseca and Hazelton. The voyeurism allowed at FMC Carswell for over 20 years by numerous BOP employees, was sanctioned by several captains that routinely assigned male correctional officers to a duty post, that should have been only assigned to femle officers, for the dignity and privacy of mentally ill female inmates--many of whom are not convicted of any crime.

30. Sex abuse is used as a form of punishment, in violation of cruel and unususal punishment. The Defendants fail to prosecute their employees for criminal civil rights violations, a wink and nod, to support this behavior.

31. The Defendants are in violation of the Lucas Settlement, Lucas v. White, 63 F. Supp. 2d 1046 (N.D. Cal. 1999), which requires the Defendants to provide psychological and medical services for victims of sexual assault and adopt measures to protect victim confidentiality, as well as monitor these reforms. Pursuant to FRCVP, Rule 71, the

-7-

Plaintiffs move to enforce the settlement, as the intended beneficiaries.

32. The Plaintiffs bring a claim under Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 US 388 (1971).

33. Plaintiff Fleming brings claims under West Virginia state law for assault and battery, as well as intentional infliction of emotional distress.

34. Plaintiffs bring claims of deliberate indifference by the Defendants for the physical and mental health of federal female inmates.

## VI.
## RELIEF REQUESTED

The Plaintiffs request the following relief:

35. Declaratory Judgment that the practices of the Defendants violate the U.S. Constitution because they infringe on the Plaintiffs' bodily privacy, physical and emotional well-being, and is cruel and unusual punishment.

36. Mandatory injunctive relief directing the Defendants to promptly enforce rules and regulations enacted to protect federal female inmates from sexual harassment and sexual assault.

37. Order the Defendants to comply with the Lucas Settlement in good faith, to provide medical and psychological services for sex abuse victims.

38. Order the Defendants to protect the privacy of sex abuse victims and to strictly monitor retaliation of any kind to protect victims.

39. Implement policies which compensate sex abuse victims, through a reduction in sentence and/or monetary compensation.

40. Implement policies which inform sex abuse victims of their rights to compensation.

41. Prosecute all BOP employees where there is credible evidence of sex abuse for any reason, sexual gratification or punishment.

42. Monetary damages of $500,000,000.00 for victims natiowide.

43. Punitive damages at the highest rate allowed by law.

44. Nominal damages of $1,000 per Plaintiff.

45. Reasonable attorney fees and costs.

Respectfully Submitted,

Rhonda Fleming, Plaintiff
September 22, 2018
SFF-Hazelton, PO Box 3000
Bruceton Mills, WV 26525

## VERIFICATION

Pursuant to 28 USC § 1746, I, Rhonda Fleming, declare that the above statements are true and correct to the best of my knowledge. I have personal knowledge of all facts stated in the pleading above, and all   facts are true and correct.

Executed on September 22, 2018.

Rhonda Fleming, Plaintiff